**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANJANA BASNET, | No. 18-71862 |
| Petitioner, | Agency No. A087-848-275 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2021[**]
San Francisco, California

Before: HURWITZ and BRESS, Circuit Judges, and FEINERMAN,[***] District Judge.

Anjana Basnet, a citizen of Nepal, petitions for review of a Board of

Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

(IJ) order denying Basnet's claims for asylum and withholding of removal. We review for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.[1]

1. Substantial evidence supports the IJ's determination that Basnet did not testify credibly. *See Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010); 8 U.S.C. § 1158(b)(1)(B)(iii). Basnet admitted she was not afraid to return to Nepal in May 2009. This admission undercuts Basnet's account of persecution prior to that time and supports the IJ's determination that Basnet's claim was limited to a fourth attack in June 2009. *See Loho v. Mukasey*, 531 F.3d 1016, 1018 (9th Cir. 2008) ("[A] petitioner's voluntary return may be considered in rendering an adverse credibility finding."). The IJ then went on to identify specific, cogent reasons for discrediting Basnet's account of the June 2009 attack, namely, her inability to explain how the Maoists knew she was visiting from the United States and the implausibility of Basnet's claim that she "was not aware" she could report the attack to police.

The IJ also based the adverse credibility determination on Basnet's "rehearsed or rote" demeanor. This description "specifically point[ed] out the noncredible

---

[1] Basnet originally also sought relief under the Convention Against Torture (CAT) but abandoned that claim before the BIA. We thus do not consider it here.

2

aspects of [Basnet's] demeanor" and therefore receives deference. *Ling Huang v. Holder*, 744 F.3d 1149, 1154 (9th Cir. 2014). Nor was Basnet entitled to "an additional opportunity to bolster her case by submitting further evidence." *Yali Wang*, 861 F.3d at 1009. The IJ did not rely on Basnet's documentary submissions as part of the adverse credibility determination, but rather found that the documents were insufficient to independently sustain her claims. *See id.*

2. Substantial evidence also supports the BIA's further determination that, even if she were found credible, Basnet failed to show past persecution or a well-founded fear of persecution on account of a protected ground. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(C); *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). The IJ and BIA reasonably concluded that the attacks against Basnet bore no nexus to her claimed anti-Maoist political opinions, and were instead motivated by "theft or random violence," which is insufficient. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Substantial evidence supports that determination, especially in view of Basnet's limited political involvement.

Substantial evidence also supports the BIA's determination that Basnet had not shown past persecution based on her family relationships. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011). Though Basnet claimed that her husband was previously attacked because she was on the Maoist's "list" of enemies, she could not explain why the Maoists were interested in her. Basnet now argues that she faced

3

persecution on account of her gender, but Basnet failed to raise this claim before the IJ, and, like the BIA, we therefore do not consider it. *See Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019).

Finally, the IJ and BIA reasonably concluded that Basnet's claims of future persecution were conclusory and undermined by the fact that her family members continue to reside safely in Nepal. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (petitioner's fear of future persecution was not objectively reasonable where family members continued to live in home country unharmed).

**PETITION DENIED.**